# COMMONWEALTH OF VIRGINIA





EXHIBIT

A

### HAMPTON CIRCUIT COURT
Civil Division
237 N. KING STREET/PO BOX 40
HAMPTON  VA  23669-0040
(757) 727-6105

Summons

To: BRANDI A LAW
CITY ATTORNEY'S OFFICE
22 LINCOLN STREET
HAMPTON VA 23669

Case No. 650CL20002959-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, March 29, 2021

Clerk of Court:  LINDA BATCHELOR SMITH

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:



RECEIVED

APR  1 2021

CITY ATTORNEY

Attorney's name:     HICKLIN, LEENONG M
PRO SE
12861 DAYBREAK CIRCLE
NEWPORT NEWS VA 23602

VIRGINIA:        IN THE CIRCUIT COURT FOR THE CITY OF HAMPTON

*LEENONG M. HICKLIN,*

   Plaintiff

v.                                                Case No. _L50CL2000295900_

*CITY OF HAMPTON,*

   Defendant

## PRAECIPE

I certify that the above styled matter is matured and ready for trial on its merits and request the Clerk to set it on the docket for trial <u>WITHOUT A JURY</u>.

City/County of _Newport News_
Commonwealth of Virginia
Subscribed and sworn to before me
this _23rd_ day of _November_ , _2020_
by _Leenong Hicklin_

_Asmint_____ Notary Public
Reg. # _7793845_   Com. Exp. _05/31/2022_

Respectfully submitted:

_____
Signature of requesting party/counsel

Amy Elizabeth Smith
Commonwealth of Virginia
Notary Public
Commission No. 7793845
My Commission Expires 5/31/2022

_LEENONG M. HICKLIN_

Printed Name of requesting party

_12861 Daybreak Circle_

_Newport News Va 23602_

_(757) 214 - 4350_

## CERTIFICATE

I hereby certify that on the _24_ day of _November_ , 2020, a true copy of the foregoing Praecipe was mailed or hand delivered to all counsel of record herein pursuant to Rule 1:12 of the Rules of the Supreme Court of Virginia, and served a true copy upon parties not represented by counsel, if any.

_____
Signature of requesting party

Leenong Hicklin

12861 Daybreak Circle

Newport News Virginia 23602

Telephone: (757) 214-4350

Lee.hicklin@gmail.com

**PART 1**

## The Circuit Court of Hampton Virginia

| | | |
|---|---|---|
| Lee Hicklin, | ) | Case No: CL20-2959 |
|     Plaintiff | ) | |
|     VS. | ) | |
| City of Hampton | ) | |
|     Defendant | ) | |
| _____ | ) | |

### COMPLAINT

Plaintiff, Lee Hicklin, in proper person, complains against Defendant, City of Hampton (Hampton Police Division) as follows:

Discrimination in violation of **The Americans with Disability Act of 1990**, as amended (ADA), and

Retaliation that resulted in Wrongful Termination/Discharge in violation of **VA Code section 40.1-51.2:1& Code section 2.2-3011**

### I.PARTIES

1.    Plaintiff, *LEE HICKLIN* (hereinafter "Plaintiff") is an individual who is currently residing in the City of Newport News but at the time of this complaint (May 2020), a resident of Hampton Virginia.

2.    Defendant, *CITY OF HAMPTON* (hereinafter "Defendant") is a department of local government and can be served with process by service at either 22 Lincoln Street or 40 Lincoln Street to any authorized agent.

3.    All of the acts, failures or violations of any local state or federal laws alleged herein were duly performed by and/or individuals, acting as representatives or agents, whether solely or collectively on behalf of the Defendant.

### II. FACTS

4.      Plaintiff was an employee from June 2008 to May 2020.

5.      Defendant was the Plaintiff's employer during the same time frame.

6.      On February 12th, 2020 during the Plaintiff's tour of duty with employer, Plaintiff became unable to perform job functions following a traumatic incident deriving out of employment. From the beginning, no assistance or guidance was provided to the Plaintiff by the Defendant other than allowing the Plaintiff to go home to recover. The Plaintiff has sustained severe and partially permanent injury as a result of the incident. **(See Exhibit)**

7.      Instead of following protocol and proper procedure which included but was not limited to filing an EIR (Employee Injury Report) and notifying the Worker Compensation Commission of the Plaintiff's injury, the Defendant waited almost 30 days before ordering the Plaintiff to request Admin Leave WITHOUT PAY. The mishandling of the injury also included filing a request with the City's HR department for FMLA in lieu of Injury Leave through Worker Comp. **(See Exhibit)**

8.      During the time of incapacitation, the Defendant showed no compassion, concern and provided no guidance or help despite allowing the Plaintiff to believe they would. **(See Exhibit)**

9.      After receiving no guidance or assistance, the Plaintiff sought the advice of an attorney, which the Plaintiff eventually retained to represent him for the Worker Comp claim on May 4th, 2020. **(See Exhibit)**

10.     In retaliation for pursuing the Worker Comp claim, of which the Defendant had tried wholeheartedly to avoid, and further proof to the claim of discrimination to the Plaintiff's injury/disability, the Defendant wrongfully terminated the Plaintiff (and with no advanced warning). **(See Exhibit)**

11.     Due to the Defendant's violation of law, the Plaintiff sustained undue financial hardship (during pandemic) of which he is still trying to recover from. The emotional distress added to the already highly stressed situation from the diagnosis from the injury the Plaintiff sustained out of employment.

12. The Plaintiff's medical records report that he would need ongoing and consistent medical care in relation to the work injury (which was originally diagnosed in 2012 from yet another work related traumatic incident) of which the Plaintiff has had to be responsible for 100% out of pocket, then and now.

### III. CLAIMS FOR RELIEF

**A. Discrimination**

13.     Plaintiff alleges the Defendant violated state and local law by discriminating against the Plaintiff mainly due to his injury not being physical, but mental. This is why the proper procedure was not followed from day one and the injury and situation was mishandled. It was only after the Plaintiff filed the proper paperwork himself (with Risk Management and the Worker Compensation Commission) did the Defendant respond. The Defendant's response had a disciplinary "tone" and was a series of admonitions and threats. It was clear that the Defendant recognized the need for "time off" to recover, but had no intention on assisting the Plaintiff in anyway and the official filing of paperwork done by the

Plaintiff, in many ways and most likely "angered" the Defendant. The discrimination also involves the termination as the Plaintiff asserts the same decision to terminate would not have been toward a physical injury (unless it was permanent injury that interfered with the performance of ones duties with no possibility of recovery).

**B.  Retaliation**

14.      Defendant violated state and local law by terminating the Plaintiff for pursuing the Worker Comp claim, and also not returning to work (whether he was medically able to or not). There was absolutely no correspondence or advanced warning that the Plaintiff would be terminated, and the termination was "*non grievable*". There also was no request for status updates or prognosis changes before the decision to terminate employment by the Defendant. When the Plaintiff formally requested assistance, he was at first ignored. The Plaintiff had to submit a complaint with the City's Human Resources Department before he received his official denial for assistance. **(See Exhibit)** In the denial, the Defendant conveniently takes Policy and Procedure out of context to fit their agenda.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1.  For compensatory damages for out of pocket medical expenses, attorney fees, court costs, one year of severance pay, emotional distress, humiliation and financial hardship for past and future in the amount of $100,000;
2.  For the violation of the **American with Disabilities Act** (ADA) in the amount of $75,000;
3.  For the violation of Retaliatory Discharge in violation with **VA Code Section 40.1-51.2:1 and 2.2-3011** in the amount of $75,000;
4.  $25,000 in punitive damages;
5.  Conversion from termination to medical disability retirement;
6.  For interest at the statutory rate; and
7.  For such other and further relief as this court deems just and equitable.

I declare under penalty of perjury under the law of the Commonwealth of Virginia that the foregoing is true and correct.

DATED this **22** day of *November*, 2020.

Leenong Hicklin

12861 Daybreak Circle

Newport News, VA 23602

Telephone: (757) 214-4350

Lee.hicklin@gmail.com

Plaintiff, in Proper Person

Amy Elizabeth Smith
Commonwealth of Virginia
Notary Public
Commission No. 7793845
My Commission Expires 5/31/2022

City/County of _Newport News_
Commonwealth of Virginia
Subscribed and sworn to before me
this _23rd_ day of _november_, _2020_
by _Leenong Hicklin_
_____ **Notary Public**
Reg. # _7793845_ Com. Exp. _05/31/2022_



Filed in the Clerk's office this ____ day
of _____, 20__

| 049 | Writ Tax |
| 104 | Sp Exp-Tag/Cwp |
| 123 | Legal Aid |
| 170 | Court Tech Fund |
| 229 | CHMF |
| 106 | Tech Trust Fund |
| 200 | Sheriff |
| 147 | Indigent Assistance |
| 219 | Law Library |
| 304 | Clerk Civil Fee |
| 237 | Miscellaneous |
| 509 | Other |
|  | TOTAL |

LINDA BATCHELOR SMITH, CLERK

_____ Deputy Clerk

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Leenong Hicklin
12861 Daybreak Circle
Newport News, VA 23602

From: Norfolk Local Office
200 Granby Street
Suite 739
Norfolk, VA 23510

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 437-2020-01165 | Alexander Perez,<br>Investigator | (757) 441-3475 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Norberto Rosa-Ramos,
Local Office Director

8/27/2020
(Date Mailed)

Enclosures(s)

cc: Nicole Clark
Human Resources Director
CITY OF HAMPTON
22 Lincoln Street
Hampton, VA 23669

BRANDI A. LAW
HAMPTON CITY ATTORNEY
brandi.law@hampton.gov
22 LINCOLN STREET
Hampton, VA 23669

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

EEOC Form 5 (5/01)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented to: | Agency(ies) Charge No(s): |
|---|---|
| ___ FEPA | 437-2020-01165 |
| X EEOC | |

**Virginia Attorney General's Office, Division of Human Rights** _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Leenong Hicklin** | **757-214-4360** | **2/20/1984** |

| Street Address | City, State and ZIP Code |
|---|---|
| **12861 Daybreak Circle** | **Newport News, VA   23602** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **City of Hampton Police Department** | **300** | **757-727-6510** |

| Street Address | City, State and ZIP Code |
|---|---|
| **40 Lincoln Street** | **Hampton, VA   23669** |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es). | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| __ RACE  __ COLOR  __ SEX __ RELIGION  __ NATIONAL ORIGIN | Earliest 3/13/20      Latest 5/21/20 |
| __ RETALIATION  ___ AGE   X DISABILITY  __ OTHER (Specify below.) | __ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attached extra sheet(s)):

I.      I was employed as a Police Officer with the City of Hampton from June 28, 2008, until May 21, 2020.  I have suffered two work-related shooting incidents during my tenure. The first was on April 18, 2012, where I was involved in an officer-involved shooting of a triple homicide suspect.  I was later diagnosed with PTSD and depression.  On February 20, 2020, I was subjected to random shots being fired behind me as I was on my way into headquarters that evening.  This incident caused me to suffer weeks of anxiety and flashbacks to the 2012 incident.  The department pretended to be supportive of me, but the Police Chief (Terry L. Sult) had Assistant Chief show up to my house unannounced with a paper placing me on Administrative LWOP.  I thereafter was ridiculed for my obvious distress over this experience and was later terminated on May 21, 2020 after I sought assistance from an attorney to deal with my work injury.  I had already complained to the department about feeling that I had been treated unfairly due to my disability prior to the termination decision.

II.     I was told that I had exceeded my 12 weeks of FMLA leave, but I never received any notice of the time being exhausted, there was no discussion of other leave I could take, and there was no discussion of any reasonable accommodations where I could remain employed despite the fact that I am qualified (and have ben passed over) for several other positions.

III.    I believe that I have been and am being retaliated against in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local | NOTARY -- When necessary for State and Local |
|---|---|

o. Norberto Rosa-Ramos     Page 4 of 4          2020-06-22 13 25.10 (GMT)          18046232728   From Pamela Branch

437-2020-01165

| Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLANANT |
| 6/17/20 _____  _____<br>Date              Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**Certification of Health Care Provider for
Employee's Serious Health Condition
(Family and Medical Leave Act)**

**U.S. Department of Labor**
Wage and Hour Division



DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT

OMB Control Number: 1235-0003
Expires: 8/31/2021

**SECTION I: For Completion by the EMPLOYER**
**INSTRUCTIONS to the EMPLOYER:** The Family and Medical Leave Act (FMLA) provides that an employer may require an employee seeking FMLA protections because of a need for leave due to a serious health condition to submit a medical certification issued by the employee's health care provider. Please complete Section I before giving this form to your employee. Your response is voluntary. While you are not required to use this form, you may not ask the employee to provide more information than allowed under the FMLA regulations, 29 C.F.R. §§ 825.306-825.308. Employers must generally maintain records and documents relating to medical certifications, recertifications, or medical histories of employees created for FMLA purposes as confidential medical records in separate files/records from the usual personnel files and in accordance with 29 C.F.R. § 1630.14(c)(1), if the Americans with Disabilities Act applies, and in accordance with 29 C.F.R. § 1635.9, if the Genetic Information Nondiscrimination Act applies.

Employer name and contact: City of Hampton/Megan Alston, Senior Benefits Specialist 757-727-6613

Employee's job title: _Patrol Officer_   Regular work schedule: _Night Shift (12 hours)_

Employee's essential job functions: _Public Safety, Patrol, Respond_
_for calls for service._

Check if job description is attached:

**SECTION II: For Completion by the EMPLOYEE**
**INSTRUCTIONS to the EMPLOYEE:** Please complete Section II before giving this form to your medical provider. The FMLA permits an employer to require that you submit a timely, complete, and sufficient medical certification to support a request for FMLA leave due to your own serious health condition. If requested by your employer, your response is required to obtain or retain the benefit of FMLA protections. 29 U.S.C. §§ 2613, 2614(c)(3). Failure to provide a complete and sufficient medical certification may result in a denial of your FMLA request. 29 C.F.R. § 825.313. Your employer must give you at least 15 calendar days to return this form. 29 C.F.R. § 825.305(b).

Your name: _LEKNONG_      _MARQUIS_          _HICKLIN_
First            Middle                    Last

**SECTION III: For Completion by the HEALTH CARE PROVIDER**
**INSTRUCTIONS to the HEALTH CARE PROVIDER:** Your patient has requested leave under the FMLA. Answer, fully and completely, all applicable parts. Several questions seek a response as to the frequency or duration of a condition, treatment, etc. Your answer should be your best estimate based upon your medical knowledge, experience, and examination of the patient. Be as specific as you can; terms such as "lifetime," "unknown," or "indeterminate" may not be sufficient to determine FMLA coverage. Limit your responses to the condition for which the employee is seeking leave. Do not provide information about genetic tests, as defined in 29 C.F.R. § 1635.3(f), genetic services, as defined in 29 C.F.R. § 1635.3(e), or the manifestation of disease or disorder in the employee's family members, 29 C.F.R. § 1635.3(b). Please be sure to sign the form on the last page.

Provider's name and business address: _TIMOTHY W. LATSKO,_ _1 OLD OYSTER POINT #250_ _NN, VA 23602_

Type of practice / Medical specialty: _MENTAL HEALTH -_

Telephone: (_757_) _969_ _6848_          Fax: (_757_) _969_ _6849._

_Exibit #1_
_& #2_

Page 1

Form WH-380-E Revised May 2015

**PART A: MEDICAL FACTS**

1. Approximate date condition commenced: _Feb. 12, 2020_

   Probable duration of condition: _1 year._

   **Mark below as applicable:**
   Was the patient admitted for an overnight stay in a hospital, hospice, or residential medical care facility?
   X No ___ Yes. If so, dates of admission:

   Date(s) you treated the patient for condition:
   _MARCH 18, 2020 ; MARCH 19, 2020_

   Will the patient need to have treatment visits at least twice per year due to the condition? ___ No X Yes.

   Was medication, other than over-the-counter medication, prescribed? X No ___ Yes.

   Was the patient referred to other health care provider(s) for evaluation or treatment (e.g., physical therapist)?
   X No ___ Yes. If so, state the nature of such treatments and expected duration of treatment:

2. Is the medical condition pregnancy? X No ___ Yes. If so, expected delivery date: _____

3. Use the information provided by the employer in Section I to answer this question. If the employer fails to provide a list of the employee's essential functions or a job description, answer these questions based upon the employee's own description of his/her job functions.

   Is the employee unable to perform any of his/her job functions due to the condition: ___ No X Yes.

   If so, identify the job functions the employee is unable to perform:
   _ALL_

4. Describe other relevant medical facts, if any, related to the condition for which the employee seeks leave (such medical facts may include symptoms, diagnosis, or any regimen of continuing treatment such as the use of specialized equipment):

   _PTSD; POST TRAUMATIC STRESS DISORDER. F43.10._
   _Fear, Anxiety; startled response; hypervigilant;_
   _increase in stress; irritability, abscence of (+) mood._
   _doesn't trust environment; inability to concentrate ;_

   _Patient will need weekly Psychotherapy until resolved._
   _Poss._

CONTINUED ON NEXT PAGE    Form WH-380-E Revised May 2015

## PART B: AMOUNT OF LEAVE NEEDED

5. Will the employee be incapacitated for a single continuous period of time due to his/her medical condition, including any time for treatment and recovery?  ___ No  _X_ Yes.

   If so, estimate the beginning and ending dates for the period of incapacity: FEB 12 2020  FEB 12, 2021

6. Will the employee need to attend follow-up treatment appointments or work part-time or on a reduced schedule because of the employee's medical condition?  ___ No  _X_ Yes.

   If so, are the treatments or the reduced number of hours of work medically necessary?
   ___ No  _X_ Yes.

   Estimate treatment schedule, if any, including the dates of any scheduled appointments and the time required for each appointment, including any recovery period:

   TRAVEL TO + FROM MEDICAL APPOINTSMENT + TIME SPENT AT APPOINTMENT

   Estimate the part-time or reduced work schedule the employee needs, if any:

   _____ hour(s) per day; _____ days per week from _____ through _____

7. Will the condition cause episodic flare-ups periodically preventing the employee from performing his/her job functions?  ___ No  _X_ Yes.

   Is it medically necessary for the employee to be absent from work during the flare-ups?
   ___ No  _X_ Yes. If so, explain:

   DURING FLARE-UPS EMPLOYEE WILL NOT BE ABLE TO ADEQUATELY ENGAGE IN PUBLIC ~~STAFF~~ SAFETY DUTIES.

   Based upon the patient's medical history and your knowledge of the medical condition, estimate the frequency of flare-ups and the duration of related incapacity that the patient may have over the next 6 months (e.g., 1 episode every 3 months lasting 1-2 days):

   Frequency          :  _7_ times per  _1_ week(s) _____ month(s)

      Duration: _____ hours or _1_ day(s) per episode

## ADDITIONAL INFORMATION: IDENTIFY QUESTION NUMBER WITH YOUR ADDITIONAL ANSWER.

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Signature of Health Care Provider**          **Date**   02.3. 03. 2020

### PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT

If submitted, it is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 20 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. DO NOT SEND COMPLETED FORM TO THE DEPARTMENT OF LABOR; RETURN TO THE PATIENT.

Form WH-380-E Revised May 2015



# OYSTER POINT COUNSELING CENTER

ONE OLD OYSTER POINT ROAD
SUITE 250
NEWPORT NEWS, VIRGINIA 23602

TELEPHONE  (757) 969-6848
FACSIMILE  (757) 969-6849

**PSYCHOTHERAPY NOTE**

MARCH 19, 2020.

To whom it may Concern:

This is to certify that LEENONG HICKLIN
IS UNDER MY CARE FOR MEDICAL REASONS,

LEENONG IS NOT ABLE TO RETURN TO
WORK AT THIS TIME.

PLEASE CONTACT ME at 757 969 6848
WITH QUESTIONS.

~Timothy W Latsko.
TIMOTHY W LATSKO.
MA. LPC, LMFT.

FILED
2020 NOV 24  PM 12: 07
LINDA BATCHELOR
CIRCUIT COURT CLERKS OFFICE
CITY OF HAMPTON VA

Exhibit 1

# HAMPTON POLICE DIVISION
## SPECIAL REPORT

**03/10/2020**

**TO:**      Chief Terry Sult

**FROM:**   SPO L. Hicklin

**SUBJECT:**  Request for Admin Leave without Pay

Chief,

At the direction of supervision, I formally request to be placed on Administrative Leave without Pay pending the outcome of my status.


Respectfully Submitted,


SPO Lee Hicklin/536

Exhibit 2

Form Revision 12/09/13



Lt. Paula Scheck

L Hang in there! I just spoke with Captain Price and advised your concerns. He said someone from his office will contact you tomorrow.

Ok

L Can you give me a call please.

Be there in 5 mins

L OK, I'm leaving Pinewood now

L When you get here, I'm sitting in Community Engagement

L I received an e-mail back from HR. Sounds like you can keep the March 24th date. Just let me know what time and the Dr's address so I can meet you there.

I was contacted by her today asking if I minded doing a phone interview/

← Response to "Cry for Help"

Exibit #3

FILED
2020 NOV 24 PM 12:07
CIRCUIT COURT CLERK'S OFFICE
CITY OF HAMPTON VA

COMMONWEALTH OF VIRGINIA
WORKERS' COMPENSATION COMMISSION
333 E FRANKLIN ST, RICHMOND, VA 23219
1-877-664-2566
www.workcomp.virginia.gov

> **Attorney Noting
> Representation**

Date of this notice: May 04, 2020

LEENONG M HICKLIN v. CITY OF HAMPTON
Jurisdiction Claim No. VA00001712507
Date of Injury February 12, 2020

**To All Interested Parties:**

We received an electronic request filed May 04, 2020, from Corey R. Pollard to note representation of LEENONG HICKLIN in the above referenced claim.

If there are any questions regarding information contained in this notification please contact the Commission toll-free at 1-877-664-2566.

Exhibit # 4

2020 NOV 24 PM 12: 08

LINDA C. CURTIS, CLERK
CIRCUIT COURT CLERKS OFFICE
CITY OF HAMPTON VA

FILED

# HAMPTON VA
## CHIEF OF POLICE, TERRY L. SULT

May 5, 2020

Leenong Hicklin
347 Cabot Drive
Hampton, Virginia 23669

The City of Hampton Personnel Policies Manual, Chapter 9, Section V allows an employee to be separated without prejudice when the employee cannot perform the essential functions of their job with or without reasonable accommodation.

On February 21, 2020, your request for FMLA was approved through May 5, 2020 (12 weeks established by law). Your medical certification indicates the need for leave beyond 12 weeks; however, the period of incapacity exceeds (approximately 1 year) the time in which the Hampton Police Department can reasonably accommodate this request.

Therefore, you will be separated without prejudice from employment with the City of Hampton as a Police Officer effective **May 21, 2020**. It will be necessary for you to return all of your issued equipment by 4:00 p.m., on May 21, 2020.

You may apply for other positions within the City for which you meet the minimum qualifications, and are able to perform the essential functions of the job. You can explore these employment options by viewing the City's job listing at www.hampton.gov/hire, or by contacting your Human Resources Representative at 757-727-6407. You are encouraged to contact the Finance Department to discuss your benefit and retirement plans prior to the effective date of the separation to learn about options that may be available to you. They can be reached at (757) 727-6230.

<u>Please be advised that your separation is non-grievable</u> in accordance with Chapter 3, Section II of the City of Hampton Personnel Policies Manual.

Very Truly Yours

Chief Terry L. Sult

TLS/JP:clms
cc: Human Resources

I have read, signed, understand and been received a copy of this letter.

_____          _____
Officer Leenong Hicklin                                   Date

Served: _LT. Paula Scheck_

Date: _05-06-2020_

*Exhibit #5*