UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

LEE HICKLIN,

        Plaintiff,

v.                                        ACTION NO. 4:21cv34

CITY OF HAMPTON,

        Defendant.

## DISMISSAL ORDER

This matter is before the court on a Motion to Dismiss filed by Defendant City of Hampton ("Defendant"). Mot. Dismiss, ECF No. 4. The court concludes that oral argument is unnecessary because the facts and legal arguments are adequately presented in the parties' briefs. For the reasons set forth below, Defendant's Motion to Dismiss, ECF No. 4, is **GRANTED**.

### I. Relevant Procedural Background

On November 24, 2020, Plaintiff Lee Hicklin ("Plaintiff"), appearing pro se, filed a Complaint against Defendant, his former employer, in the Hampton Circuit Court. Compl., ECF No. 1-2. In his Complaint, Plaintiff claims that Defendant discriminated against him in violation of the Americans With Disabilities Act ("ADA"), and terminated his employment in retaliation for filing a Workers' Compensation claim. Id. at 1-3.

Defendant was served with Plaintiff's Complaint on April 2, 2021, and removed Plaintiff's state court action to this court on April 13, 2021, on the basis of federal question jurisdiction. Notice Removal at 1, ECF No. 1; see 28 U.S.C. § 1331 (explaining that a district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); see also 28 U.S.C. § 1367(a) (explaining that when a district court has "original jurisdiction" over a civil action, the district court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy"). Upon review, it appeared to the court that Plaintiff's Workers' Compensation retaliation claim was nonremovable pursuant to 28 U.S.C. § 1445(c).[1] Order Show Cause at 2, ECF No. 3.

In an Order to Show Cause dated April 16, 2021, the court summarized the removability issue and explained that, pursuant to 28 U.S.C. § 1441(c),[2] it appeared that the court was required to sever Plaintiff's Workers' Compensation retaliation claim from the instant

---

[1] Pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).

[2] Pursuant to 28 U.S.C. § 1441(c), when a civil action contains (i) a claim that gives rise to federal question jurisdiction, and (ii) "a claim that has been made nonremovable by statute," "the entire action may be removed;" however, the district court is required to sever the nonremovable claim and "remand the severed claim[] to the State court from which the action was removed." 28 U.S.C. § 1441(c).

2

action and remand that claim back to the Hampton Circuit Court. Id. at 2-3. Prior to doing so, the court provided Defendant with an opportunity to address the issue. Id.

In response to the court's April 16, 2021 Order to Show Cause, Defendant indicated that it agreed with the court's position regarding claim severance and remand. Resp. at 1, ECF No. 6. In an Order dated May 12, 2021, the court severed Plaintiff's Workers' Compensation retaliation claim from the instant action and remanded that claim back to the Hampton Circuit Court, leaving Plaintiff's ADA disability discrimination claim as the sole remaining claim in this action. Order at 1-3, ECF No. 9.

On April 20, 2021, Defendant filed a Motion to Dismiss, and provided pro se Plaintiff with a proper Roseboro Notice pursuant to Rule 7(K) of the Local Civil Rules for the United States District Court for the Eastern District of Virginia. Mot. Dismiss at 1-3, ECF No. 4; see E.D. Va. Loc. Civ. R. 7(K). Plaintiff filed a timely Opposition to Defendant's Motion to Dismiss, and Defendant filed a timely Reply. Opp'n, ECF No. 7; Reply, ECF No. 8.

In an Order dated October 13, 2021, the court noted that Plaintiff's Opposition "contain[ed] factual allegations and potential ADA legal theories that were not included in Plaintiff's initial Complaint." Order at 3, ECF No. 11. The court recognized that "a complaint may not be amended by the briefs in opposition to a motion to dismiss;" however, in deference to Plaintiff's pro se

3

status, the court granted Plaintiff leave "to file an Amended Complaint that clarifie[d] his intended ADA claims and set[] forth the complete factual bases for such claims." Id. at 3-4 (quoting Katz v. Odin, Feldman & Pittleman, P.C., 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004)). The court stated:

> Plaintiff is **ORDERED** to file his Amended Complaint within thirty days from the date of entry of this Order. Plaintiff is ADVISED that his Amended Complaint will supersede his initial Complaint and will become the operative complaint in this action. As such, Plaintiff's Amended Complaint must: (i) be clearly labeled as Plaintiff's Amended Complaint; (ii) clearly identify each ADA claim that Plaintiff intends to assert against Defendant; (iii) clearly set forth all of the factual allegations upon which each asserted ADA claim is based; and (iv) attach any exhibits upon which Plaintiff intends to rely to support each asserted claim.

Id. at 4.

The court explained that Defendant's Motion to Dismiss would be dismissed as moot when Plaintiff filed his Amended Complaint. Id.; see Young v. City of Mt. Rainier, 238 F.3d 567, 572 (4th Cir. 2001) (explaining that an amended complaint supersedes a prior complaint and renders it of no legal effect). However, the court stated: "If Plaintiff chooses not to file an Amended Complaint, Defendant's Motion to Dismiss will remain operative, and the court will address its merits at a later date." Order at 4.

Plaintiff chose not to file an Amended Complaint. Thus, Plaintiff's initial Complaint remains the operative complaint in this action, and Defendant's Motion to Dismiss remains the operative

dismissal motion. The court addresses the merits of Defendant's motion below.

## II. Plaintiff's Complaint

As explained above, the sole remaining claim in this action is Plaintiff's ADA disability discrimination claim. See Order at 3, ECF No. 11. Plaintiff's Complaint is short on details; however, with respect to Plaintiff's ADA disability discrimination claim, Plaintiff alleges:

- "Plaintiff was an employee [of Defendant] from June 2008 to May 2020."

- "On February 12th, 2020[,] during the Plaintiff's tour of duty with [Defendant], Plaintiff became unable to perform job functions following a traumatic incident deriving out of employment."

- Defendant provided "no assistance or guidance" to Plaintiff "other than allowing the Plaintiff to go home to recover."

- "Plaintiff has sustained severe and partially permanent injury as a result of the incident."

- Defendant "waited almost 30 days before ordering the Plaintiff to request [a]dmin[istrative] [l]eave without pay."

- "During the time of incapacitation, the Defendant showed no compassion [or] concern and provided no guidance or help despite allowing the Plaintiff to believe they would."

- "Defendant wrongfully terminated the Plaintiff (and with no advanced warning)."

- "Due to the Defendant's violation of law, the Plaintiff sustained undue financial hardship (during pandemic) of which he is still trying to recover from. The emotional distress added to the already highly stressed situation

5

from the diagnosis from the injury the Plaintiff sustained out of employment."

- "The Plaintiff's medical records report that he would need ongoing and consistent medical care in relation to the work injury (which was originally diagnosed in 2012 from yet another work related traumatic incident) of which the Plaintiff has had to be responsible for 100% out of pocket, then and now."

- Defendant "discriminat[ed] against the Plaintiff mainly due to his injury not being physical, but mental."

- Defendant responded to Plaintiff's situation with "a disciplinary 'tone'" and a "series of admonitions and threats."

- Although Defendant "recognized the need for 'time off' to recover," Defendant "had no intention o[f] assisting the Plaintiff in any way."

Compl., ECF No. 1-2, at 4-5 (capitalization omitted).[3]

---

[3] Plaintiff attached certain exhibits to his Complaint that shed additional light on the factual basis for Plaintiff's ADA disability discrimination claim. For example, Plaintiff attached a Charge of Discrimination that Plaintiff filed with the Equal Employment Opportunity Commission ("EEOC Charge") on June 17, 2020, as an exhibit to his Complaint. EEOC Charge, ECF No. 1-2, at 10-11. In his EEOC Charge, Plaintiff alleges that: (i) Plaintiff was previously employed by Defendant as a police officer; (ii) Plaintiff was involved in an "officer-involved shooting of a triple homicide suspect" on April 18, 2012, and was subsequently "diagnosed with PTSD and depression;" (iii) Plaintiff was "subjected to random shots being fired behind [him]" on February 20, 2020, which "caused [Plaintiff] to suffer weeks of anxiety and flashbacks to the 2012 incident;" (iv) Plaintiff was placed on administrative leave without pay; (v) Plaintiff was "ridiculed for [his] obvious distress over this experience and was later terminated on May 21, 2020;" (vi) Plaintiff "was told that [he] had exceeded [his] 12 weeks of FMLA leave, but . . . never received any notice of the time being exhausted;" (vii) Plaintiff never had a discussion with Defendant about "other leave [Plaintiff] could take;" and (viii) Plaintiff never had a discussion with Defendant about "any reasonable accommodations where

### III. Standard of Review Under Federal Rule 12(b)(6)

Defendant seeks dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Federal Rule 12(b)(6) should be granted if a complaint

---

[Plaintiff] could remain employed," although Plaintiff claims that he was "qualified (and ha[d] be[e]n passed over) for several other positions." Id.

Plaintiff also attached a certification from his health care provider ("Certification") as an exhibit to his Complaint. Certification, ECF No. 1-2, at 12-15. In the Certification, Plaintiff's health care provider indicates that Plaintiff's medical condition was expected to result in a one-year period of incapacity, i.e., from February 12, 2020 to February 12, 2021. Id. During this period of time, Plaintiff's health care provider indicates that Plaintiff would be "unable to perform any of his . . . job functions." Id. at 13.

Plaintiff also attached his termination letter ("Termination Letter") as an exhibit to his Complaint, which states:

> The City of Hampton Personnel Policies Manual, Chapter 9, Section V allows an employee to be separated without prejudice when the employee cannot perform the essential functions of their job with or without reasonable accommodation.
>
> On February 21, 2020, your request for FMLA was approved through May 5, 2020 (12 weeks established by law). Your medical certification indicates the need for leave beyond 12 weeks; however, the period of incapacity exceeds (approximately 1 year) the time in which the Hampton Police Department can reasonably accommodate this request.
>
> Therefore, you will be separated without prejudice from employment with the City of Hampton as a Police Officer effective May 21, 2020. . . .
>
> You may apply for other positions within the City for which you meet the minimum qualifications, and are able to perform the essential functions of the job. . . .

Termination Letter, ECF No. 1-2, at 20 (emphasis omitted).

7

fails to "allege facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Johnson v. Portfolio Recovery Assocs., LLC, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009) (quoting Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). As such, the court must accept all factual allegations contained in Plaintiff's Complaint as true and draw all reasonable inferences in favor of Plaintiff. Id. "Although the truth of the facts alleged is assumed, courts are not bound by the 'legal conclusions drawn from the facts' and 'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" Id. (citations omitted).

Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, "in cases where the plaintiff appears pro se, courts do not expect the pro se plaintiff to frame legal issues with the clarity and precision expected from lawyers." Suggs v. M&T Bank, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017) (citing Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)). In such cases, courts are required to construe the operative complaint liberally. Id.

8

## IV. Analysis

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To state a claim for disability discrimination under the ADA, Plaintiff must allege that (i) he has a disability; (ii) he is a "qualified individual," as defined by the ADA; and (iii) Defendant took an adverse employment action against Plaintiff "because of [Plaintiff's] disability." Garrett v. Cape Fox Facilities Servs., No. 1:19cv579, 2020 U.S. Dist. LEXIS 8883, at *22 (E.D. Va. Jan. 17, 2020) (citing Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 572 (4th Cir. 2015)); see Pickering v. Va. State Police, 59 F. Supp. 3d 742, 748 (E.D. Va. 2014). A "qualified individual" is defined in the ADA as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

In its Motion to Dismiss, Defendant argues that Plaintiff's Complaint fails to state a plausible claim for disability discrimination under the ADA. Mot. Dismiss at 1, ECF No. 4; Mem. Supp. Mot. Dismiss at 1-3, ECF No. 5. Specifically, Defendant argues that Plaintiff does not adequately allege in his Complaint

that he is a "qualified individual," as defined by the ADA, who can perform the essential functions of his job "with or without reasonable accommodation." Mem. Supp. Mot. Dismiss at 2. Defendant further argues:

> The Complaint is devoid of any reference to the Plaintiff being able to perform the essential functions of the position of patrol officer. It is the responsibility of the Plaintiff to provide facts that at a minimum could lead to a reasonable conclusion that he is a qualified individual. Having failed to do so, the Complaint fails to meet the second element of analysis for ADA cases and therefore, fails to state a claim for relief.

Id. at 3.

In his Opposition, Plaintiff disagrees with Defendant's argument regarding the inadequacy of Plaintiff's factual allegations. Opp'n at 1-5, ECF No. 7. First, Plaintiff appears to argue that because Plaintiff's treating physician considered Plaintiff's disability to be temporary in nature, Plaintiff should still be considered "qualified" for his position. Id. at 2. Next, Plaintiff appears to argue that he should be considered a "qualified individual" for purposes of his ADA disability discrimination claim because his "disability is work-related." Id. Additionally, Plaintiff appears to argue that Plaintiff should be allowed to proceed with his ADA disability discrimination claim, regardless of any pleading deficiencies, because Defendant's "dismissive" reaction toward Plaintiff's "need for assistance" "affected . . . Plaintiff's 'qualified individual' status." Id. at 3.

10

Upon review of Plaintiff's Complaint and the parties' briefs, the court finds that Plaintiff has not adequately alleged that he is a qualified individual with a disability, as defined by the ADA.[4] See Garrett, 2020 U.S. Dist. LEXIS 8883, at *22; Pickering, 59 F. Supp. 3d at 748; see also 42 U.S.C. § 12111(8). Specifically, the court finds that Plaintiff has not adequately identified the "essential functions" of his job and has not adequately alleged that Plaintiff could "perform the essential functions" of his job "with or without reasonable accommodation." 42 U.S.C. § 12111(8). Without such factual allegations, the court finds that Plaintiff cannot state a plausible ADA disability discrimination claim against Defendant upon which relief may be granted, and that such claim must be dismissed.[5] See Twombly, 550 U.S. at 570; see also Young v.

---

[4] The court's finding takes into account the liberal construction afforded to pro se complaints. See Suggs v. M&T Bank, 230 F. Supp. 3d 458, 461 (E.D. Va. 2017).

[5] The court notes that Plaintiff's Complaint contains two passing references to Virginia Code § 2.2-3011, which prohibits discrimination and retaliation against whistle blowers. Compl., ECF No. 1-2, at 3, 5; see Va. Code Ann. § 2.2-3011. The court finds that Plaintiff's references to this statute do not demonstrate an intent to assert a separate claim against Defendant on this basis. Therefore, the court does not construe Plaintiff's Complaint as asserting such a claim. However, to the extent that Plaintiff intended to assert a claim against Defendant pursuant to Virginia Code § 2.2-3011 or any other state law, as explained below, the court declines to exercise supplemental jurisdiction over such claims, and dismisses such claims without prejudice.

As noted above, Defendant removed this action from state court under the theory that (i) the court could exercise federal question jurisdiction over Plaintiff's ADA disability discrimination claim;

Austin, No. 21-880, 2021 U.S. Dist. LEXIS 198474, at *10-11 (D. Md. Oct. 14, 2021) (dismissing a pro se plaintiff's ADA disability discrimination claim under Federal Rule 12(b)(6) after finding that the plaintiff's failure to include allegations regarding the "essential responsibilities" of the plaintiff's job and "her ability to perform them" was "fatal to her claim[] and warrant[ed]

---

and (ii) the court could exercise supplemental jurisdiction over Plaintiff's state law claim. Notice Removal at 1-2, ECF No. 1. Diversity jurisdiction does not apply to this action because there is no diversity of citizenship between the parties. See 28 U.S.C. § 1332 (explaining the requirements for diversity jurisdiction).

When a district court dismisses the federal claims in an action, it may choose to exercise supplemental jurisdiction over any remaining state law claims; however, the decision to do so "rests within the sole discretion of the [c]ourt." Jones v. Tyson Foods, 378 F. Supp. 2d 705, 710 (E.D. Va. 2004) (citing 28 U.S.C. § 1367(c)(3)); see 28 U.S.C. § 1367(c) (explaining that a district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction"). If a district court declines to exercise supplemental jurisdiction over state law claims after all federal claims are dismissed in a removed case, the district court "has inherent power to dismiss the case or, . . . to remand." Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001); see Archie v. Nagle & Zaller, P.C., 790 F. App'x 502, 506 (4th Cir. 2019) (explaining that "courts have consistently held that a district court has wide latitude in determining whether to retain, remand, or dismiss state law claims pursuant to § 1367(c)).

As set forth herein, the court has dismissed Plaintiff's ADA disability discrimination claim, which is the only federal claim asserted against Defendant in this action. To the extent that Plaintiff intended to assert any other state law claims against Defendant, the court declines to exercise supplemental jurisdiction over such claims and exercises its discretion to dismiss such claims without prejudice.

dismissal"). Accordingly, Defendant's Motion to Dismiss, ECF No. 4, is **GRANTED**.[6]

### V. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss, ECF No. 4, is **GRANTED**.

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Newport News Division, 2400 West Avenue, Newport News, Virginia 23607. The written notice must be received by the Clerk within thirty days from the date of entry of this Dismissal Order. If Plaintiff wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk of the United States District Court, Newport News Division, 2400 West Avenue, Newport News, Virginia 23607.

The Clerk is **DIRECTED** to send a copy of this Dismissal Order to Plaintiff and counsel for Defendant.

IT IS SO **ORDERED**.

December 20, 2021

/s/ RBS
Rebecca Beach Smith
Senior United States District Judge

---

[6] As explained above, the court previously granted Plaintiff leave to file an Amended Complaint to clarify his claims; however, Plaintiff chose not to do so. Order at 3-4, ECF No. 11. As such, the court finds that it would be futile to provide Plaintiff another amendment opportunity.